UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN E. NOWICKI,

Plaintiff,

v.

VANHALL, *et al.*,

Defendants.

Case No. 25-cv-12197
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL
(ECF NO. 23)**

---

Plaintiff Dustin E. Nowicki moves for appointment of counsel.  ECF No. 23.  Under 28 U.S.C. § 1915, "[t]he court **may** request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances."  *Id*. at 606.  Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a

lawyer's expense." *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007).  Thus, there must be a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*  Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions."  *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Nowicki contends that he has psychological impairments and lacks the legal training necessary to address the complex legal issues presented in this case.  But he has shown that he is competent to proceed pro se. Nowicki's complaint and other filings are typed, easily understood, and make clear arguments.  *See* ECF No. 1; ECF No. 23.  And Nowicki presents a straightforward deliberate indifference claim against three medical providers.

Nowicki also argues that defendants have interfered with his legal mail and withheld evidence during discovery.  If defendants have refused to produce evidence or have otherwise interfered with discovery, he may file a motion to compel.  For these reasons, Nowicki's request to appoint counsel is **DENIED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 19, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 19, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager

4